IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jahmila Harrold | |
| Plaintiff, | |
| vs. | Case No. 10-2165 |
| The Sigma Network | Hon. |
| Defendant. | |

**DEFENDANT, SYGMA NETWORK'S**
**ANSWER TO COMPLAINT OF JAHMILA HARROLD**

Defendant Sygma Network, for its answer to the Complaint of Jahmila Harrold states as follows.

### I. FEDERAL JURISDICTION

1. **Indicate below the feral legal basis for your complaint, if known.  This from is designed primarily for *pro se* prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).  However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws.  Your particular claim may be based on different or additional sources of federal law. You may adapt this from to your claim or draft your own complaint.**

   - **42 U.S.C. § 1983 (state, county or municipal defendants)**

   - **Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)**

   - **Other federal law**

   - **Unknown**

   **Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States constitution or other federal law.  (You may assert a different jurisdictional basis, if appropriate)**

**ANSWER:** Defendant neither admits nor denies the allegation of the existence of federal jurisdiction because Plaintiff's complaint does not state under what, if any statutes, constitutional provisions or common law principles she seeks to recover, nor does the Complaint state the basis for or the nature of any relief being requested.

## II. PARTIES

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph II concerning Plaintiff's present place of residence as it lack sufficient knowledge to assess the truth or falsity thereof.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)

> A. Have you brought any other lawsuits I state or federal court dealing with the same facts involved in this case?
>
> **Plaintiff's Answer: No**
>
> B. Have you brought any other lawsuits in federal court while incarcerated?
>
> **Plaintiff's Answer: No**

**ANSWER:** Defendant neither admits nor denies the allegations concerning Plaintiff's prior history of litigation, except to admit that it is unaware of any other lawsuits brought by Plaintiff against it alleging the same facts as appear to be involved in this Complaint.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative**

remedies, or if lack of exhaustion is clear from the complaint and its attachments.  You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses.  These materials are not required to file a complaint, but they may assist the court in understanding your claim.

      A.     Is there a grievance procedure available at your institution?

            Plaintiff's Answer:  No.

      B.     Have you filed a grievance concerning the facts relating to this complaint?

            Plaintiff Answer:  No.

      C.     Is the grievance process completed?

            Plaintiff's Answer:  No.

**ANSWER:**   Defendant denies the allegations of Paragraph IV except to admit that Plaintiff did not pursue any internal grievances with Defendant concerning the matters discussed in the Complaint.

## V.  STATEMENT OF CLAIM

Place(s) of the occurrence  _____

Date(s) of the occurrence  _____

State here briefly the FACTS that support your case.  Describe what each defendant did to violate your federal rights.  You do not need to give any legal arguments or cite cases or statutes.  Number each claim in a separate paragraph.  Unrelated claims should be raised in a separate civil action.

**THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.** Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of our claim showing that you are entitled to relief.  It is best to include only the basic, relevant facts, including dates, places and names.

**1.** **Sygma Network discriminated against me on two different occasions. The first one occurred on July 27, 2006 when I was involved in a work place accident. I being an African American was made to go and take a drug test which I passed. The other employee that caused the accident who was white wasn't made to take a drug test. They allowed her to leave there (sic) premises without being tested for drug and alcohol use.**

**ANSWER:** Defendant denies the allegations contained in the first numbered paragraph of Section V, except to admit that Plaintiff is African-American, that she once worked for Defendant, that she was involved in a workplace accident on July 27, 2006, that she was administered a drug test pursuant to Defendant's policies and that the test did not reveal the presence of any unlawful drugs. Defendant specifically denies that the other employee involved in the incident was not administered a drug test as well.

**2.** **The second time I was discriminated against was when I wasn't allowed to come back to work after I was taken off work from my doctor due to my work injury. I was taken off work on July 2, 2007 and released to return to work on September 25, 2007. I was then informed by the safety manage (sic) at Sygma (Jerry Jacobsen) that I wasn't able to come back to work. I was told that I was terminated and to contact my attorney. I wasn't given any explanations on why I was fired. I have tried on several different occasions to obtaine (sic) my personal (sic) file from Sygma but I have been ignored or denied. Once I didn't sign there (sic) contract all communications stopped.**

**ANSWER:** Defendant denies the allegations of the second numbered paragraph of Section V, other than to admit that on or about July 27, 2007, Plaintiff's doctor ordered Plaintiff to stay off from work for an indefinite period of time.

## AFFIRMATIVE DEFENSES

1. All or some of the claims made by Plaintiff are barred by her failure to fulfill statutory prerequisites to suit and/or by the relevant statute of limitations.

2. All or some of the claims made by Plaintiff are barred by the doctrine of judicial estoppel as they were not disclosed in Plaintiff's prior bankruptcy proceedings.

3.       Plaintiff's standing to bring all or some of the claims raised herein was divested by her filing a bankruptcy petition in August 2007 as a result of which she was discharged in bankruptcy in December 2007.

4.       All or some of the relief requested by Plaintiff is barred by her failure to take reasonable steps in mitigation of her alleged damages.

5.       Plaintiff's Complaint fails to state a claim upon which relief can be granted in that it fails to allege facts which would support a recovery by Plaintiff.

WHEREFORE, Defendant requests that this Court dismiss the Complaint with prejudice and enter judgment in its favor together with costs and attorneys fees.

DATED:  November 4, 2010          Respectfully submitted,

                                           The Sigma Network


                                     By:      s/Robert T. Zielinski
                                           One of the Attorneys for Defendant

Robert T. Zielinski
Miller Canfield Paddock and Stone, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Phone (312) 460-4200
Fax: (312) 460-4201

## Certificate of Service

    I, Robert T. Zielinski, an attorney, hereby affirm that I caused a copy of the foregoing Answer to Plaintiff's Complaint to be served upon:

>Ms. Jahmila Harrold
>227 Delaware Avenue
>Danville, IL  61832

by placing same in a prepaid envelope in the mail chute located at 225 West Washington Street, Chicago, Illinois, 60606 before 5:00 p.m. on November 4, 2010

>       s/Robert T. Zielinski
>       Robert T. Zielinski

18504779.1\088888-03723