**E-FILED**
Friday, 05 November, 2010  04:01:04 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| JAHMILA HARROLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.  10-2165 |
| SYGMA NETWORKS, | ) | |
| | ) | |
| Defendant. | ) | |

# <u>ORDER</u>

**IT IS ORDERED HEREIN AS FOLLOWS:**

1.  That this matter be, and hereby is, scheduled for a Rule 16 Scheduling Conference by **personal appearance** before U.S. Magistrate Judge David G. Bernthal on ***December, 8, 2010, at 10:00 a.m.,*** Courtroom C, U.S. Courthouse, 201 South Vine Street, <u>Urbana</u>, Illinois.

2.  ***Pro se Plaintiff and primary trial counsel for Defendant shall attend*** and be prepared to discuss all issues listed in FED. R. CIV. P.  Rule 16 and 26.

3.  Parties and attorneys shall timely comply with FED. R. CIV. P. 26(a)(1).  A certificate of compliance should be filed, but the <u>disclosures are NOT to be filed</u>.  [CDIL-LR 26.3 (A)].

4.  A meeting pursuant to FED. R. CIV. P.  Rule 26(f) shall occur at least twenty-one (21) days before the scheduling conference is held.  The parties shall fully comply with the requirements of Rule 26(f).

5.  The parties shall develop a proposed discovery plan[1] which shall be submitted to the Court not less than seven days prior to the Scheduling Conference.  **If an agreed discovery plan pursuant to FED. R. CIV. P.  26(f)(3) is filed seven days before the hearing, the conference will be AUTOMATICALLY converted to a telephone conference and the Court will initiate the call.**  If applicable, the plan shall include provisions for disclosure or discovery of electronically stored information and/or any agreements the parties reach for asserting claims of privilege or of protection as trial preparation material after production.  If applicable, the plan should include provisions for discovery or disclosure of electronically stored information and any

---

[1]A sample proposed discovery plan can be found at this Court's website - www.ilcd.uscourts.gov/localrules.

agreement with respect to inadvertently disclosed work product or privileged information, using the Sedona Principles (2d Ed. 2007) as a guide; a copy of these Principles follows the signature of this Order.  Failure to timely submit a discovery plan may result in the cancellation of the discovery conference and assessment of costs.

ENTER this 5th day of November, 2010.

                                             s/ DAVID G. BERNTHAL
                                             U.S. MAGISTRATE JUDGE

**The Sedona Principles Addressing Electronic Document Production June 2007**
**Second Edition**

**1. Electronically stored information is potentially discoverable under Fed. R. Civ. P. 34 or its state equivalents. Organizations must properly preserve electronically stored information that can reasonably be anticipated to be relevant to litigation.**

**2. When balancing the cost, burden, and need for electronically stored information, courts and parties should apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) and its state equivalents, which require consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.**

**3. Parties should confer early in discovery regarding the preservation and production of electronically stored information when these matters are at issue in the litigation and seek to agree on the scope of each party's rights and responsibilities.**

**4. Discovery requests for electronically stored information should be as clear as possible, while responses and objections to discovery should disclose the scope and limits of the production.**

**5. The obligation to preserve electronically stored information requires reasonable and good faith efforts to retain information that may be relevant to pending or threatened litigation. However, it is unreasonable to expect parties to take every conceivable step to preserve all potentially relevant electronically stored information.**

**6. Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.**

**7. The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate.**

**8. The primary source of electronically stored information for production should be active data and information.  Resort to disaster recovery backup tapes and other sources of electronically stored information that are not reasonably accessible requires the requesting party to demonstrate need and relevance that outweigh the costs and burdens of retrieving and processing the electronically stored information from such sources, including the disruption of business and information management activities.**

**9. Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information.**

**10. A responding party should follow reasonable procedures to protect privileges and objections in connection with the production of electronically stored information.**

**11. A responding party may satisfy its good faith obligation to preserve and produce relevant electronically stored information by using electronic tools and processes, such as data sampling, searching, or the use of selection criteria, to identify data reasonably likely to contain relevant information.**

12. Absent party agreement or court order specifying the form or forms of production, production should be made in the form or forms in which the information is ordinarily maintained or in a reasonably usable form, taking into account the need to produce reasonably accessible metadata that will enable the receiving party to have the same ability to access, search, and display the information as the producing party where appropriate or necessary in light of the nature of the information and the needs of the case.

13. Absent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be borne by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the information sought is not reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic information may be shared by or shifted to the requesting party.

14. Sanctions, including spoliation findings, should be considered by the court only if it finds that there was a clear duty to preserve, a culpable failure to preserve and produce relevant electronically stored information, and a reasonable probability that the loss of the evidence has materially prejudiced the adverse party.